# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **CURSTONE ALFRED #354224** | **CASE NO. 6:19-CV-00872 SEC P** |
| **VERSUS** | **JUDGE JUNEAU** |
| **PAUL SCOTT, ET AL** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Pro se complainant Curstone Alfred ("Alfred"), an inmate in the custody of the Louisiana Department of Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 8, 2019. [Rec. Doc. 1] He names as defendants Paul Scott, Dr. Dustin, Franklin Foundation Hospital and the St. Mary Parish Law Enforcement Center. While plaintiff is no longer incarcerated, the allegations in his complaint relate to events that occurred while he was incarcerated at the St. Mary Parish Law Enforcement Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

*Statement of the Case*

On June 9, 2019, Plaintiff allegedly slipped and fell in water from a leaking sink and shower in the restroom area of Wolf D Dorm at the St. Mary Parish Law Enforcement Center. [Rec. Doc. 1, p. 3] He was later told that he was knocked unconscious. *Id*. He was transferred by Acadian Ambulance to the Franklin Foundation Hospital, at which time he told the paramedics that his head, shoulder and back were hurting. *Id*. His chief complaint is that no cat scan was performed and that headaches still occur. *Id*.

*Law and Analysis*

1. **Frivolity Review**

Alfred has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua spont*e dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep.*

*Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. Supervisory Official

Plaintiff has sued Paul Scott in his supervisory capacities as Warden of SMPJ. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). Plaintiff has not alleged facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by the Warden and, therefore, claims against him should be dismissed.

### 3. State Actor

Plaintiff has named as defendants the physicians at Franklin Foundation Hospital but has failed to allege facts to establish that the physicians are state actors.

In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In §1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry." *Landry v. A-Able Bonding*, Inc., 75 F.3d 200, 203 (5th Cir.1996).

In some circumstances, a private party may be acting "under color of state law" and held liable under § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). A private party can be held to be a state actor under only three circumstances, (1) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (2) where the private party has exercised powers that are "traditionally the exclusive prerogative of the state," or (3) where the state has exercised coercive power or has

provided such significant encouragement, either overt or covert, that the action of the private party must in law be deemed to be that of the state. *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1981). Plaintiff has not alleged facts to support a finding that the physicians at Franklin Foundation Hospital acted under color of law, conspired with a state actor, or exercised powers that were traditionally the exclusive prerogative of the state and, therefore, has failed to state a claim under Section 1983 against the hospital or its physicians.

### 4. Juridical Person

Plaintiff has sued the St. Mary Parish Law Enforcement Center. Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether St. Mary Parish Law Enforcement Center has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24. The St. Mary Parish Law Enforcement Center is not a juridical person and therefore, plaintiff's claims against the it must be dismissed.

### 5. Disagreement with Medical Care

Finally, as to the crux of plaintiff's complaint, he has failed to establish that he was treated with the deliberate indifference necessary to state a claim under

Section 1983. It is unknown whether the plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident. If he was a pretrial detainee, his constitutional rights flow from the Fourteenth Amendment Due Process Clause. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997), *quoting Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to an episodic act or omission. Under the episodic act standard, a plaintiff must show both that he suffered a sufficiently serious deprivation and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to

treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

It is manifestly obvious that plaintiff was treated after he fell, but simply disagrees with the treatment decisions of the health care professionals at the Franklin Foundation Hospital who were responsible for his care and treatment. Plaintiff admits that he was transported to the hospital via ambulance following his fall.

He disagrees with the treatment options offered by the physicians, specifically that a cat scan was not performed. However, his disagreement with the health care professionals' diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not

constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*

Furthermore, the fact that plaintiff continues to suffer from headaches is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra*. Unsuccessful medical treatment does not give rise to a § 1983 cause of action. *Vernado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Therefore, the fact that headaches still occur does not given rise to a § 1983 cause of action.

For the foregoing reasons, plaintiff's claims should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

### *Conclusion*

Therefore,

**IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 25th day of September, 2019.

Patrick J. Hanna
United States Magistrate Judge